IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JUAN VEGA, JR.                                                   PLAINTIFF

v.                    Civil No. 03-5266

DEPUTY THARP                                            DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Juan Vega, Jr., currently an inmate of the Arkansas Department of Correction, brings this pro se civil rights action under 42 U.S.C. § 1983. Vega contends his constitutional rights were violated while he was detained at the Benton County Detention Center.

On April 22, 2005, the defendant filed a motion for summary judgment (Docs. 21-23), as directed by the court (Doc. 18). By order entered on May 17, 2005, Vega was directed to complete, sign, date, and return an attached questionnaire that would serve as his response to the summary judgment motion. (Doc. 24.) On May 26, 2005, plaintiff's response (Doc. 25) to the defendant's summary judgment motion was filed. The summary judgment motion is currently before the undersigned for issuance of this report and recommendation.

### I. Background

Vega was booked into the Benton County Detention Center on or about August 17, 2003. (Doc. 25 at ¶ 1.) From October 5, 2003 until November 10, 2003, Vega was detained in the "hole." (Doc. 25 at ¶ 3.) Prior to November 11, 2003, Vega was offered the opportunity to attend church services at least 23 times, and did attend church services on at least ten occasions. (Doc. 25 at ¶¶ 3-4.) However, while he was detained in the "hole," Vega was only given one opportunity to attend church services--on October 26, 2003. (Doc. 25 at ¶¶ 3-4.)

Vega admits that while he was housed "out on population," he was given the opportunity to attend church services two to three times a day, but he contends that his constitutional rights were violated when he was only allowed to attend church services once while in the "hole." On that occasion, Vega was visited by Bud Dunkin, a minister, who at that time informed Vega and several other inmates that on two other occasions that same week, Dunkin had attempted to visit with the inmates but was refused visitation by the defendant, Deputy Tharp. (Doc. 25 at ¶¶ 8-9.) Other than where Dunkin was prohibited from visiting with Vega, Vega states that he has not been prevented from practicing his religious beliefs in any other way. (Doc. 13 at ¶ 2.)

## II. Summary Judgment Standard

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the non-moving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986), the record "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Commerce v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir.1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d 607 *(citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment."

AO72A
(Rev. 8/82)

*Id.* (*citing Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)).

### III. Discussion

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To establish a claim under 42 U.S.C. § 1983, [a plaintiff] must show [1] a deprivation [under color of law] of [2] a right, privilege, or immunity secured by the Constitution or the laws of the United States." *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). "[T]o establish a violation of constitutional rights under § 1983, the plaintiff must prove that the defendant's unconstitutional action was the 'cause in fact' of the plaintiff's injury." *Butler v. Dowd*, 979 F.2d 661, 669 (8th Cir. 1992).

The First Amendment's Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs. *O'Lone v. Estate of Shabazz,* 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987). This right, however, is subject to prison restrictions rationally related to legitimate penological interests. *Id.* at 349, 107 S. Ct. 2400.

A plaintiff claiming that a governmental policy or action violates his right to exercise his religion freely must establish that the action substantially burdens his sincerely held religious belief. *See Weir v. Nix*, 114 F.3d 817, 820 (8th Cir. 1997). To constitute a substantial burden on a person's free exercise rights, the governmental action must (1) significantly inhibit or constrain conduct or expression that manifests some central tenant of the plaintiff's individual religious beliefs, (2) must meaningfully curtail a plaintiff's ability to express adherence to his faith, or (3) must deny a person reasonable opportunities to engage in those activities that are

AO72A
(Rev. 8/82)

fundamental to his religion. *See id.*

Vega contends that his rights were violated because--while he was serving time in administrative segregation--he was allowed to attend church services only once and that on two occasions a certain minister was not permitted to visit with him and others detained on administrative segregation. These claims are not so egregious as to violate Vega's constitutional rights, especially in light of Vega's statement that he was not prevented from practicing his religion in other ways, such as through prayer. *Cf. Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (limitations on religious services, especially for short time periods, not atypical or significant hardship; denial of religious services for thirty-seven days while placed on punitive segregation not a violation). Vega does not allege or prove that access to the pastor was a central tenant of his faith, that denial of visitations by the pastor curtailed his ability to express adherence to his faith, or that he was denied reasonable opportunities to engage in fundamental activities of his faith.

## IV. Conclusion

I therefore recommend that defendant's motion for summary judgment should be granted and this action be dismissed with prejudice.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of November 2005.

**/s/ Beverly Stites Jones**
_____
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE